UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| TONEY B. ADKINS, | ) No. ED CV 04-01499-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| v. | ) AND ORDER |
| | ) (Social Security Case) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the Decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the Decision of the Commissioner must be reversed and the matter remanded.

Plaintiff raises a single but meritorious issue in his Motion:

that the ALJ's credibility findings in his Decision are legally insufficient. In order to address this issue, the Court will first review what the ALJ did and did not do in his Decision, vis-a-vis credibility, and then will discuss the applicable law, prior to analyzing the issue presented.

As the ALJ noted, in March 2001, Plaintiff reported to a hospital emergency room complaining of chest pains. He was admitted with a diagnosis of acute non-Q-wave myocardial infarction. (AR 15.) Plaintiff was discharged two days later, and the following week, received a consultative internal medicine examination by Dr. Enriquez. (AR 15-16, 217-220.) Among other things, Dr. Enriquez indicated that Plaintiff's chest pain is "atypical for angina." (AR 220.) The ALJ's Decision reflects that on June 22, 2001, Plaintiff again presented to the emergency room with complaints of dizziness, and was discharged following various testing; that in July 2001, Plaintiff underwent various heart-related studies which yielded normal results; that Plaintiff received a second consultative examination from Dr. Enriquez in November 2001, during which he still reported chest pains, and Dr. Enriquez again concluded that Plaintiff's ongoing complaints of chest pain are atypical for cardiac angina. (AR 15-17, 221-224.)

At the hearing, Plaintiff provided testimony that he suffered from chest pains, and also testified as to functional limitations related to these subjective complaints. (See AR at 41-43, 46-49.)

Although the ALJ acknowledged that Plaintiff's severe impairments include atypical chest pain (AR 18), he found Plaintiff's subjective allegations to be not fully credible for various specified reasons. Before examining the sufficiency of those reasons, the Court will briefly review the applicable law in this area.

2

1    Subjective pain testimony is an important factor in the
2 disability determination process. <u>Cotton v. Bowen</u>, 799 F.2d 1403,
3 1407 (9th Cir. 1986); <u>Varney v. Secretary of Health and Human Services</u>,
4 846 F.2d 581, 583 (9th Cir. 1987). Subjective complaints of pain must
5 be associated with medical impairments that "could reasonably be
6 expected to produce the pain or other symptoms alleged." 42 U.S.C. §
7 423(d)(5)(A).

8    In those cases where a claimant contends that he or she
9 experiences pain which, while associated with a medical impairment, is
10 greater than the impairment would normally be expected to produce,
11 this is referred to as "excess pain testimony" - defined as "pain that
12 is unsupported by objective medical findings." <u>Cotton</u>, 799 F.2d at
13 1407. In order for the ALJ to have properly decided to disbelieve or
14 disregard such excess pain testimony, his Decision must be supported
15 by specific findings. <u>See</u>, <u>Martinez v. Heckler</u>, 807 F.2d 771, 773 (9th
16 Cir. 1986); <u>Cotton</u>, 799 F.2d at 1407.

17    The existence of some pain does not constitute a disability, if
18 the claimant is not thereby prevented from working. <u>See</u>, <u>Thorn v.
19 Schweiker</u>, 694 F.2d 170, 171 (8th Cir. 1982). In addition, weak
20 objective support for claims of subjective pain can undermine such
21 testimony or claims of disabling pain. <u>See</u>, <u>Tidwell v. Apfel</u>, 161
22 F.3d 599, 602 (9th Cir. 1998). An ALJ may properly rely on
23 inconsistencies in a claimant's testimony. <u>Fair v. Bowen</u>, 885 F.2d
24 597, 603-04 (9th Cir. 1989). An ALJ may not discredit a claimant's
25 testimony of subjective pain, and deny disability benefits solely
26 because the degree of pain alleged by the claimant is not supported by
27 objective medical evidence. Thus, an ALJ may not solely rely on the
28 inconsistency between a claimant's testimony and the objective medical

3

evidence.  The ALJ may, however, rely on other inconsistencies and reasons cited in the Decision.  <u>Orteza v. Shalala</u>, 50 F.3d 748, 749-750 (9th Cir. 1995).

In his evaluation of Plaintiff's subjective pain complaints, the ALJ did two things.  First, he cited regulations which require that there be evidence that a claimant's subjective pain complaints are supported by objectively established impairments which could reasonably be expected to produce such complaints of pain, and which may be reasonably viewed as consistent with the medical signs and findings. (<u>See</u> Decision at 20, citing 42 U.S.C. §423(c)(5)(A) and 20 C.F.R. §416.929.)  The ALJ then cited various cases which set forth the standards to be utilized for credibility evaluation.  At this point in the Decision, the ALJ states the following: "<u>For reasons given below</u>, I find that the [Plaintiff's] subjective allegations are not fully credible." (Emphasis added.)  What follows is a list of 12 citations to and summaries of the medical evidence. (<u>See</u> Decision at 20-21.) Following this, the ALJ notes that Plaintiff has a "very poor work record," and states that, "he was given an opportunity at hearing to explain why his record is so poor, but he did not do so." (AR 21.) Finally, as a cited reason, the ALJ notes that "[Plaintiff's] demeanor as a witness at the hearing was very poor." (AR 22.)

First, with regard to the 12 enumerated references to objective medical evidence, these simply cannot, by themselves, constitute a sufficient reason to depreciate Plaintiff's credibility.  The Ninth Circuit has repeatedly stated as much, beginning with its <u>en banc</u> decision in <u>Bunnell v. Sullivan</u> 947 F.2d 341, 346-47 (9th Cir. 1991)(<u>en banc</u>), and has consistently followed that holding in numerous later cases. (<u>See</u>, for example, <u>Orteza v. Shalala</u>, 50 F.3d 748, 750-51 (9th

4

Cir. 1994).)

Thus, the Court must turn to the two additional reasons cited in the Decision to determine whether, in combination with the citation of medical evidence, they are sufficient and specific enough to substantiate the ALJ's credibility decision. With regard to Plaintiff's poor work record, the ALJ simply erred in noting that Plaintiff had failed to explain his poor work record at the hearing. The fact is that Plaintiff did provide an explanation. (See AR at 30-32.) The ALJ did not discuss the veracity or sufficiency of that explanation; rather, he simply erred in finding that no explanation was made.

With regard to the citation to Plaintiff's "demeanor," although the Commissioner strives to persuade the Court that this is a sufficient reason, in fact, it is completely insufficient. For example, the Commissioner cites Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999), as support for the ostensible position that "demeanor" can be broadly cited as a basis for a credibility finding. As the Ninth Circuit noted in Verduzco, "the ALJ pointed out several areas in which the appellant's testimony or behavior was inconsistent with his own statements or actions, as well as with the medical evidence." (188 F.3d at 1090.) Similar conclusions can be drawn from the holdings of other relevant cases. For example, in Orteza v. Shalala, 50 F.3d 748 (9th Cir. 1994), the Ninth Circuit pointed out that the ALJ had found specific inconsistencies between the Plaintiff's testimony and other objective evidence in the record as a reason for discrediting his pain complaints. (See 50 F.3d at 750.) Finally, in response to the Commissioner's argument that a general reference to "demeanor" can be sufficient to detract from credibility, the Court notes the Ninth

5

1  Circuit's statement in the recent case of <u>Tonapetyan v. Halter</u>, 242
2  F.3d 1144, 1148 (9th Cir. 2001), in which the Court specifically
3  rejected the ability of an ALJ to "rely on his own observations of the
4  claimant at the hearing as the sole reason for rejecting the
5  claimant's complaints." (242 F.3d at 1148.)  There is good reason to
6  draw the line at such general terms as "demeanor."  Plainly, it
7  provides the Court with absolutely nothing specific to review.
8       With regard to the balance of the ostensible "reasons" set forth
9  by the ALJ, as described in the Commissioner's Cross-Motion, none of
10 these actually appear in the Decision, and they will not be considered
11 by the Court.  They are <u>post</u>-<u>hoc</u> rationales for a defective
12 administrative decision.  <u>See</u> <u>Burlington Truck Lines, Inc. v. United</u>
13 <u>States</u>, 371 U.S. 156, 169, 83 S.Ct. 239, 246 (1962); <u>see</u> <u>also</u> <u>Ceguerra</u>
14 <u>v. Secretary of Health and Human Services</u>, 933 F.2d 735, 739 (9th Cir.
15 1991).
16      For the foregoing reasons, this case will be remanded for further
17 hearing consistent with this Memorandum Opinion.  The Court makes no
18 finding as to Plaintiff's credibility. Plaintiff's Motion for Summary
19 Judgment, insofar as it requests remand for a new hearing, is **GRANTED**,
20 and, insofar as it requests an award of benefits, is **DENIED**.  The
21 Commissioner's Cross-Motion for Summary Judgment is **DENIED**, and the
22 matter is remanded accordingly.
23      **IT IS SO ORDERED.**
24
25 DATED:  September 14, 2005
26
27                                         /s/
                                       VICTOR B. KENTON
28                                     UNITED STATES MAGISTRATE JUDGE